IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHRISTOPHER P. HAWES, 258 240      *

      Plaintiff,      *

        v.      *      2:08-CV-930-TMH
(WO)

TRACEY M. BOWDEN, *et al.*,      *

      Defendants.      *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 action against several employees of the Elmore County Jail including Nurse Tracey Bowden, Warden Sue Roberts, Sheriff Bill Franklin, and Gary Bowers.  Plaintiff also names the Elmore County Jail/Commission and the Elmore County Community Hospital as defendants. In the complaint, Plaintiff alleges that Defendant Bowden violated his Eighth and Fourteenth Amendment rights during his incarceration at the Elmore County Jail by forcing him to have sexual intercourse with her as well as "multipl[e] counts of deviate sexual intercourse." Plaintiff complains that instead of Defendant Bowden losing her job or being transferred as a result of her conduct, he was transferred from the Elmore County Jail.  Plaintiff asks that the court institute criminal charges against Defendant Bowden and find the named defendants responsible for his pain, suffering, mental anguish, and lasting harm. (*Doc. No. 1 at 2-4.*) Upon review of the complaint, the court concludes that dismissal of certain claims

and defendants prior to service of process is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

*A.  The Request to File Criminal Charges Against Defendant Bowden*

Plaintiff requests that criminal charges be filed against Defendant Bowden for forcing him to engage in various sexual acts with her.   Plaintiff does not have a constitutional right to see his alleged persecutor punished for her conduct, nor, as a private citizen, can he commence criminal proceedings on his own. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same);  *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa. 1974) (same); *see also Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (plaintiff cannot recover civilly under a criminal statute). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority.  *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).  Such decision is not generally subject to judicial review.  *Massey v.*

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977).  Consequently, Plaintiff's request that criminal charges be initiated against Defendant Bowden is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke* 490 U.S. 319, 325 (1989).

*B. Request for Injunctive or Declaratory Relief*

Plaintiff is currently incarcerated at the Kilby Correctional Facility and was so incarcerated at the time he filed the instant action. To the extent his complaint asserts a request for injunctive or declaratory relief, such claim is due to be dismissed.  Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal

3

courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Plaintiff is no longer an inmate in the Elmore County Jail. He is, therefore, no longer subject to the conditions about which he complains. Because Plaintiff has been transferred to another penal institution, any request for injunctive or declaratory relief is subject to dismissal as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or

controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## C.  Respondeat Superior

To the extent Plaintiff seeks to hold Defendants Bowers, Roberts, and Franklin liable for the conduct of Defendant Bowden under a theory of *respondeat superior*, he is entitled to no relief. The law is settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions. . . and the alleged constitutional deprivation.").   Accordingly, Plaintiff's claim against  Defendants Bowers, Franklin, and Roberts on the basis of *respondeat superior* is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

Notwithstanding that Plaintiff may not seek to hold a defendant liable in a § 1983 action under a theory of *respondeat superior*, the court notes further that  Plaintiff's complaint  fails to allege any specific claims against Defendants Bowers, Franklin, Roberts, or the Elmore County Community Hospital.  Rather, Plaintiff's complaint merely lists these

individuals and the hospital as defendants but fails to allege how they were each personally involved in the constitutional violations. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Accordingly, Plaintiff's complaint against these defendants, as pled, does not support a cause of action against them. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

### D. The Elmore County Jail

Plaintiff names the Elmore County Jail as a defendant. A county jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant is due to be dismissed. *Id.*

### E. The Elmore County Commission

Plaintiff names the Elmore County Commission as a defendant. County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Elmore County Commission are subject to

summary dismissal upon application of the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's request to institute criminal proceedings against Defendant Bowden be DISMISSED with prejudice prior to service pursuant to the provisions of  28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's request for injunctive or declaratory relief be DISMISSED as moot;

3.  Plaintiff's *respondeat superior* claim against Defendants Roberts, Bowers, and Franklin be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4.  Plaintiff's complaint against the Elmore County Jail be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

5.  Plaintiff's complaint against  the Elmore County Commission be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

6.  Plaintiff's complaint against Defendants Bowers, Franklin, Roberts, and the Elmore County Community Hospital be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

7.  This case with respect to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 31, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th  day of December 2008.


  /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

8